JUSTICE MORRIS
concurs.
¶46 I concur with the Court’s decision to affirm the judgment of the District Court. I would not follow the Court’s attempt to make sense of the language contained in § 2-9-108, MCA, and the statute’s accompanying tortuous efforts to define “claim,” “personal injury,” and “property damage” contained in § 2-9-101, MCA.
¶47 I would hold instead that the City of Bozeman shed whatever protection that the limit on liability granted by § 2-9-108, MCA, may have provided when it elected to act outside its normal governmental functions and serve in the equivalent role as a private real estate developer. Application of the liability limit in this context would lead to perverse incentives for governmental entities to pursue courses of action not otherwise advised but for the limit on liability.
¶48 Courts have adopted a similar approach in other contexts. For *191 example, the U.S. Supreme Court’s landmark decision in Parker v. Brown, 317 U.S. 341, 63 S. Ct. 307 (1943), exempts from the operation of the federal antitrust laws nearly any action taken by a governmental entity that qualifies as state action. The governmental entity sheds the protection afforded by the Parker defense, however, when the governmental entity chooses to become a market participant. New Energy Co. of Ind. v. Limbach, 486 U.S. 269, 277, 108 S. Ct. 1803, 1809 (1988). The City of Bozeman shed the protection afforded by the liability limit contained in § 2-9-108, MCA, when it stepped out if its traditional role to pursue a new role as a private real estate developer.
JUSTICES LEAPHLART and NELSON join in the foregoing concurrence.